THE STATE OF MISSOURI *ex rel.* KIDDER SCHOOL DISTRICT, Respondent, *v.* P. S. KINNEY *et al.*, Appellants.

1. *Schools — Taxes — Laws in force in 1868 authorized school corporations to include as taxable merchants' statements.* — Under the laws in force in 1869 (Sess. Acts 1868, p. 76; Wagn. Stat. 938-9, § 6; Sess. Acts 1867, pp. 161–2, §§ 7, 8; Wagn. Stat. 1264-5, §§ 7–9; see also *id.* 1246, § 18, and 1243, § 6), school corporations in towns and villages were authorized to include merchants' statements as taxable, and to collect school taxes upon such statements.

*Appeal from Caldwell Circuit Court.*

*Crosby Johnson,* for respondent.

*James McFerran,* for appellants.

There was no law in force in the year 1868 or 1869 authorizing school corporations in towns or villages to include as taxable merchants' statements, or authorizing collectors to collect school taxes on such statements for such corporations ; and no reference is made in the petition to any statute authorizing the assessment of such statements for such purposes.

Bliss, Judge, delivered the opinion of the court.

This suit was brought upon a bond executed by defendants for a merchant's license issued to defendant Kinney, upon his refusal to pay to the county collector an assessment of taxes made by the school district for school purposes. The petition sets forth the bond, the statement, the demand and refusal to pay the tax, with other appropriate averments, and claims a liability (under Gen. Stat. 1865, ch. 93, § 11; Wagn. Stat. 939) in damages for double the amount of the tax. Defendant demurred, the demurrer was overruled, and judgment was rendered against them.

The bond was executed in 1868, and the statement of his goods was filed with the county clerk in 1869, and defendant's counsel claim that at that time there was no law in force authorizing school corporations in towns and villages to include as taxable merchants' statements, or authorizing the collection of school taxes upon such statements.

The bond is conditioned for the payment to the collector of all taxes which may be due at a certain time (Gen. Stat. 1865, ch. 93, § 5; Wagn. Stat. 938, §§ 4, 5), and the statements are to be filed with the county clerk, who shall enter an abstract thereof in the merchants' tax book, which shall show the aggregate amount of goods returned by each, and " the amount of each kind of taxes levied thereon, which shall be the same as the taxes for the time assessed upon real estate." (Sess. Acts 1868, p. 76; Wagn. Stat. 938-9, § 6.) No distinction is made

by this act between different kinds of taxes, but it is the clerk's duty to enter each kind opposite the aggregate amount of every merchant's statement and deliver the same to the collector. The act of 1867, concerning schools (pp. 161–2, § 7; Wagn. Stat. 1264, § 7) authorizes boards of education in towns and villages " to levy and collect taxes upon all property within the district," and provides (Sess. Acts 1867, p. 162, § 8 ; Wagn. Stat. 1265, § 8) that " the same assessment on property which shall be made from time to time for State and county purposes, shall be deemed and used as the lawful and proper assessment in levying and collecting the taxes and assessments authorized by this act." The board is not to provide for the collecting of the tax, but must cause " the rate of tax levied " for the year, together with the names of the tax-payers residing or owning property within the district, to be certified to the county clerk, who shall extend the taxes so levied upon the tax book before delivering the same to the collector ; and it is made the duty of the collector to collect them in the same manner and under the same rules and regulations as provided for the collection of State and county taxes.

No more comprehensive language could be used than is contained in both acts. The one provides for entering in the merchants' tax book the amount of each kind of tax levied upon the goods, and the other provides that boards may levy taxes upon all property within the district, to be collected as State and county taxes. No exception is made, or exemption provided for, in favor of merchandise, either in the acts under consideration or in the general revenue law; nor can any be implied from the peculiar mode of ascertaining the taxable value of such merchandise.

In townships outside of the jurisdiction of town school boards, the taxes for each sub-district are collected by the township clerk ; and in that case it becomes the duty of the proper county clerk to make a separate tax book for such township clerk. The statute points out the manner in which the separate tax book shall be made, and provides that the lands shall be arranged by themselves in numerical order, and the personal-property, " including statement of merchants," in a separate list, in the alphabetical order of the names of the owners. (Wagn. Stat. 1246, § 18.) In assessing

taxes in a sub-district, the only provision is that they shall be assessed upon " the taxable property in said sub-district " (p. 1243, § 6), which must include, although it is not specified, the property embraced in merchants' statements.. There is nothing in the law that in any manner intimates a different rule as to the property assessed within or outside the jurisdiction of organized school boards in towns and villages.

As the defendant's property was properly embraced in the assessment of taxes for school purposes, his bond was forfeited for refusing to pay them, and the judgment below is affirmed. The other judges concur.